**In re Murray S. MARSHALL, Debtor.**

**Murray S. MARSHALL, Movant,**

v.

**SUNTRUST BANK, SAVANNAH N.A. f/k/a Trust Company of Georgia Bank of Savannah, N.A., Respondent.**

**Bankruptcy No. 95–42828.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

Feb. 6, 1997.

Jessee C. Stone, Merrill, Stone & Parks, Swainsboro, GA, for Movant.

Michael J. Thomerson, Savannah, GA, for Respondent.

### *ORDER*

JOHN S. DALIS, Chief Judge.

Murray S. Marshall ("Debtor") filed this motion to avoid the judgment lien of Suntrust Bank, Savannah, N.A. f/k/a Trust Company of Georgia Bank of Savannah, N.A. ("Suntrust") pursuant to 11 U.S.C. § 522(f)[1], a core matter within the Court's jurisdiction under 28 U.S.C. § 157(b)(1) & (2)(A)(K) & (O) and 28 U.S.C. § 1334.

Suntrust holds a pre-bankruptcy filing judgment lien against the Debtor's property. The Debtor moved to avoid Suntrust's lien against his current property as well as any property he may acquire post-petition. The parties have stipulated that Suntrust's lien against the Debtor's assets as of his filing this case under Chapter 7 is avoided pursuant to § 522(f). However, Suntrust contends that § 522(f) does not affect its lien which will attach to any property the Debtor ac-

quires after his bankruptcy filing. Suntrust argues that the Debtor's discharge affects only the Debtor's personal liability, and that after the discharge is granted and the § 362(a) stay lifted, Suntrust may collect its claim via in rem actions against the Debtor's post bankruptcy filing acquired property. Although the provisions of § 522(f) do not include post bankruptcy filing acquired property, the prefiling judicial lien does not survive a debtor's bankruptcy filing and discharge pursuant to 11 U.S.C. § 506(d) and the discharge injunction of § 524.

In support of its argument, Suntrust cites 11 U.S.C. § 524 contending that the effect of the Debtor's discharge relieves his personal liability without affecting Suntrust's lien rights in his after-acquired property.[2] A discharge relieves a debtor of all debts (with certain exceptions not applicable to this case) that arose prior to the bankruptcy filing, without affecting a creditor's lien rights against the debtor's property. 11 U.S.C. § 727(b)[3]; *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 2154,

---

**1.** 11 U.S.C. § 522(f) provides in pertinent part:

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien, other than a judicial lien that secures a debt—

(i) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement; and

. . . .

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien,

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

(B) In the case of a property subject to more than 1 [one] lien, a lien that has been avoided shall not be considered in making the calculation

under subparagraph (A) with respect to other liens.

(C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.

. . . . .

**2.** 11 U.S.C. § 524 provides in part:

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is **a determination of the personal liability of the debtor** with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, **to collect, recover or offset any such debt as a personal liability** of the debtor, whether or not discharge of such debt is waived; and . . . (emphasis added).

**3.** 11 U.S.C. § 727 provides in part:

. . . . .

(b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if

115 L.Ed.2d 66 (1991) (A discharge eliminates a debtor's personal liability on a mortgage but does not eliminate the secured creditor's lien rights against the underlying real estate.) However, *Johnson* dealt with a prebankruptcy lien, a mortgage, that had affixed to the prebankruptcy property of the debtor. As of the filing of the instant Chapter 7 case and the approval of the § 522(f) motion to avoid the lien as to the prefiling assets, the lien no longer affixed to any property.

The affixing of a creditor's lien against a debtor's property is based upon the existence of a debt as the personal liability of the debtor. In order for Suntrust to enforce its lien after the discharge, the Debtor must first acquire property and Suntrust must then seek to enforce its unsatisfied debt against that property which is "an act to collect ... such [discharged] debt as a personal liability of the debtor ..." prohibited by the discharge injunction of § 524. *In re Paeplow*, 972 F.2d 730, 735 (7th Cir.1992) (Although a discharge will generally not affect a pre-petition lien, creditors may not create post-petition liens based upon discharged debts nor may they institute post-discharge in rem collection actions against after-acquired property if they hold no surviving lien after the discharge). The discharge issued pursuant to § 524 extinguishes that personal liability. Therefore, the lien, as it pertains to any after acquired property of the Debtor, does not survive the discharge, does not affix and cannot affect the after acquired property. *Id.*

■ Additionally, upon the filing of the Debtor's bankruptcy petition under Chapter 7 and the granting of the motion to avoid Suntrust's judicial lien as it pertains to the prefiling assets of the Debtor, Suntrust no longer has an allowed secured claim in this case and its lien is therefore void pursuant to 11 U.S.C. § 506(d).[4] "[T]he words 'allowed secured' claim in § 506(d) need not be read as an indivisible term of art defined by reference to § 506(a), which by its terms is not a definitional provision. Rather, the words should be read term by term to refer to any claim that is, first, allowed, and, second, secured." *Dewsnup v. Timm*, 502 U.S. 410, 415, 112 S.Ct. 773, 777 116 L.Ed.2d 903 (1992). In *Dewsnup*, the Supreme Court found that a prepetition consensual lien securing a debt evidenced by an allowed claim passed through the debtor's bankruptcy unaffected and remained with the real property to which it had affixed prepetition. The Supreme Court reasoned that "[t]he voidness language [of § 506(d)] sensibly applies only to the security aspect of the lien and then only to the real deficiency in the security." *Dewsnup*, 502 U.S. at 417, 112 S.Ct. at 778. In this case, Suntrust has an allowed claim. However, by virtue of the Debtor's motion to avoid Suntrust's lien under § 522(f), there remains no prebankruptcy property to which the lien attaches, and the *claim* is therefore unsecured. As the allowed claim of Suntrust is not a secured claim, the lien is void, the real deficiency in the security being the full amount of the debt.

■ This result is consistent with Congressional intent to cleanse a debtor's property of certain pre-petition liens in an effort to promote the debtor's fresh start. In legislating the formula by which the court should determine whether a lien is avoided as impairing a debtor's exemptions, Congress clarified its intent to protect the debtor's interest in the future appreciation of property which was subject to pre-petition liens exceeding the property's value on the petition date. 140 Cong.Rec H10, 764 (daily ed. October 4, 1994); H.R.Rep. No. 103–835, 35–37 (1994); U.S.Code Cong. & Admin.News 1994, p. 3340; 11 U.S.C. § 522(f)(2). Under § 522(f), a debtor may not only avoid a creditor's lien impairing the debtor's present equity in the

---

such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

.    .    .    .    .

**4.** 11 U.S.C. § 506(d) provides:

To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—
(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

property, but he may also extinguish the lien to prevent it from attaching to future equity the debtor may accumulate. *In re Thomsen,* 181 B.R. 1013 (Bankr.M.D.Ga.1995). Similarly, preventing the affixing of a prebankruptcy judgment lien to after acquired property pursuant to § 506(d) and prohibiting the collection of the discharged debt upon which the prefiling lien is based against the post bankruptcy acquired property pursuant to § 524 fosters the purpose of the Chapter 7 filing and discharge, affording the debtor a fresh start free from the burden of prefiling debt. The results of the lien voiding provision of § 506(d) and of the injunction under § 524 are a matter of law requiring no further action by a debtor.

It is therefore ORDERED that the Debtor's motion to avoid the prepetition judicial lien of Suntrust is granted finding that the lien impairs the exemptions to which the debtor is entitled pursuant to applicable State law rendering the allowed claim of Suntrust as general unsecured. By operation of law the lien is void and unenforceable.